UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN MASTEJ and | : | |
| JARED MASTEJ, | : | CIVIL ACTION NO. |
|     Plaintiffs, | : | 3:05-CV-645(JCH) |
| v. | : | |
| | : | |
| PHILLIP R. BOLDUC | : | |
|     Defendant. | : | JULY 5, 2006 |

**RULING ON DEFENDANTS' MOTION TO DISMISS [DKT. NO. 21]**

The plaintiffs, Susan Mastej and Jared Mastej ("the Mastejs"), bring this action against the defendant, Phillip R. Bolduc ("Bolduc") for violations of substantive due process and equal protection of the laws under sections 1983 and 1988 of Title 42 of the United States Code. The Mastejs are suing Bolduc in his individual capacity for compensatory and punitive damages. This action arises out of Bolduc's denial of the Mastejs' application for a building permit to develop property in the city of West Haven. Bolduc moves to dismiss the Mastejs' claim under Rule 12(b) (1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. He argues that the Mastejs' suit is not ripe for failure to exhaust available administrative remedies. For the following reasons, Bolduc's motion is GRANTED.

**I.   BACKGROUND**

The Mastejs are citizens of Connecticut residing in the city of West Haven, Connecticut. Bolduc, at all times relevant to this action, was the City Planner of West Haven and acted in his official capacity.

Around November 22, 2004, the Mastejs contracted to purchase land and a building located at 62 Hawthorne Street in West Haven.  The Mastejs entered into the contract in order to rehabilitate the building and sell it for profit.  To this end, the Mastejs submitted building permit applications to Bolduc both prior and subsequent to the execution of their purchase contract.  The Mastejs allege that their building permit applications fully complied with all the necessary requirements for the issuance of building permits.  They claim that, because of this compliance, Bolduc had a nondiscretionary duty to issue permits to them.  However, Bolduc repeatedly refused to issue any building permits to the Mastejs.  Bolduc denied the Mastejs permit application even though he did not deny permits to other West Haven residents who submitted applications of comparable or inferior quality.  After Bolduc refused to grant the Mastejs a permit, the Mastejs lost their contract to purchase the property at 62 Hawthorne Street.

## II.     LEGAL STANDARD

Under Fed.R.Civ.P 12(b) (1), this court dismisses a complaint for lack of subject matter jurisdiction when it lacks the constitutional authority to adjudicate the suit. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  Because ripeness concerns whether a complaint presents a "case or controversy" upon which a federal court can exercise its Article III powers, it is an appropriate matter to consider on a motion to dismiss for lack of subject matter jurisdiction.  Auerbach v. Board of Educ. of the Harborfields, 136 F.3d 104, 108 (2d Cir. 1998).  In assessing a motion to dismiss for lack of subject matter jurisdiction, the court "accept[s] as true all material factual allegations in the complaint," Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131

(2d Cir.1998) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  However, the court refrains from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]." Id. (citing Norton v. Larney, 266 U.S. 511, 515  (1925)). On a motion to dismiss pursuant to Rule 12(b)(1), plaintiff must establish by a preponderance of the evidence that the court has subject matter jurisdiction over the complaint.  Makarova, 201 F.3d at 113.  See also Malik v. Meissner, 82 F.3d 560, 562 (2d Cir.1996); In re Joint E. & So. Dist. Asbestos Litig., 14 F.3d 726, 730 (2d Cir.1993). Courts evaluating Rule 12(b)(1) motions "may resolve the disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir.2000).

### III. DISCUSSION

Bolduc asserts that this court lacks subject matter jurisdiction over the Mastejs' substantive due process and equal protection claims because the Mastejs never appealed his denial of their building permit to, or sought a variance from, West Haven's zoning board of appeals.  As a result, under Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 172 (1985), the Mastejs have not received a final administrative decision on how West Haven's zoning laws will apply to them.  With no such final decision, Bolduc argues, the Mastejs' claim is not ripe for federal adjudication.  The Mastejs counter that seeking an appeal or variance from zoning board of appeals would be futile since they have already lost their bank financing and, presumably, could not continue the project even with a successful appeal or request for a variance.  Since the Second Circuit recognizes futility as an exception to Williamson County's final decision requirement, the Mastejs argue that

they are not required to exhaust their options with the zoning board of appeals.

There is no dispute that, in order for their claims to be ripe, Williamson County ordinarily requires that the Mastejs obtain a final decision from the West Haven Zoning Board of Appeals on how the city's land use regulations will apply to the property at issue.  Williamson County, 473 U.S. at 186 ("Because respondent has not yet obtained a final decision regarding the application of the zoning ordinance and subdivision regulations to its property . . . respondent's claim is not ripe").  While the Supreme Court decided Williamson County in the takings context, the Second Circuit has extended the requirement of administrative finality to substantive due process and equal protection claims.  See, e.g., Dougherty v. Town of Hempstead Board of Zoning Appeals, 282 F.3d 83, 88, n.3 (2d Cir. 2002) (applying Williamson County final administrative decision prong to claimant's substantive due process and equal protection claims).  Such claims cannot receive federal review, then, unless the property owner has "submitt[ed] at least one meaningful application for a variance."  Murphy v. New Milford Zoning Commission, 402 F.3d 342, 348 (2d Cir. 2005) (citing Williamson County, 473 U.S. at 190).

As the Second Circuit explained in Murphy, the final decision requirement serves four principal purposes: 1) it helps the court develop a full factual record on the nature of the dispute; 2) it prevents ambiguity as to how the land use board will apply the regulations to the property at issue; 3) it enables aggrieved parties to obtain relief without the federal court ruling on constitutional grounds; and 4) it respects the concern under federalism that "land use disputes are uniquely matters of local concern" whose resolution should be left in the hands of local officials whenever appropriate.  Id. at 348.

Despite these weighty concerns, the Second Circuit recognizes that the command of Williamson County must yield when an application for a variance or appeal would be futile. See, e.g. Southview Associates v. Bongartz, 980 F.2d 84, 99 n.8 (2d Cir. 1992) (explaining that Williamson County does not require property owners to submit their claims to patently unfair procedures). Resort to a zoning agency is futile if the agency "lacks discretion to grant variances or has dug in its heels and made clear that such applications will be denied," or "sits purely as a remedial body." Murphy 402 F.3d at 349 (citing Southview Assocs., 980 F.2d at 98-99).

Relying on the Second Circuit's precedent, the Mastejs assert that pursuing administrative remedies through the West Haven Zoning Board of Appeals would be futile. The Mastejs, however, cannot base their claim on any alleged inability of the Board to grant variances. Connecticut law specifically grants the local zoning boards of appeal with authority:

> [t]o hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter . . . and to determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose.

Conn. Gen. Stat. §§ 8-6(a) (1) and (a) (2). Nor have the Mastejs alleged that the board harbors an ingrained bias against their application. Instead, the Mastejs note that their project was entirely dependent on limited-time bank financing. When Bolduc denied their application, the Mastejs lost their financing. Even if they could theoretically obtain a variance or other substantive relief from the zoning board, they would have no funds with which to develop the property in question.

The Mastejs' argument, unfortunately for them, has no basis in the futility doctrine. The loss of financing that the Mastejs describe is simply an unfortunate incident of attempting to obtain a building permit from a local zoning board. See Dougherty, 282 F.3d at 89. In Dougherty, the Second Circuit was faced with a property owner who had suffered a 5 1/2 year delay in obtaining board approval of his planned construction. The delay was caused by a zoning board requirement that the Second Circuit explicitly recognized as unjust and an alleged change in board policy that forced Dougherty to take down structures he had already built. Id. After the court acknowledged that Dougherty incurred significant damages from the lost use of his property as a result of the board's actions, it was steadfast in finding that "under Williamson the claims in Dougherty's original complaint were not ripe." Id.

Further, Wiiliamson County itself demonstrates that the Second Circuit has not strayed from the Supreme Court's intended application of the final agency decision rule. In Williamson County, the Supreme Court held that the Hamilton Bank had to seek a variance from the county's zoning regulations because it failed to do so after the Commission denied the bank's attempt to develop a tract of land it owned. Williamson County, 473 U.S. at 192-93. The Court mandated this even though the Commission approved Hamilton Bank's plan at first, reversed that decision over six years later, rejected the developer's new plan, then rejected the plan again after the developer went before a zoning board of appeals. Id. at 177-82. All told, the Bank spent nearly eight years attempting to obtain approval from the Commission and, at one point, began construction on the site that it subsequently had to abandon when the Commission reversed itself. Id. Still, the Court found that there was no final administrative decision,

and that returning to Commission or the board of appeals for variances would not be futile.  See id. at 188-91 (rejecting Bank's argument that it had done everything possible to resolve its conflict with the Commission because the Bank had not sought a variance).

Based on these examples, futility requires more than the bare assertion that a decision by a local inspector caused an unexpected delay in development plans.  While delay from a denial (even an improper denial) of a permit application might cause a developer significant hardship, it does not give rise to a constitutional claim without a final agency decision.  The Mastejs must either seek a variance or appeal Bolduc's decision.  Thus, because the Mastejs have not properly exhausted their administrative alternatives and do not present a proper claim of futility, this court cannot exercise subject matter jurisdiction over their claim.

## IV.    CONCLUSION

For the foregoing reasons, Bolduc's Motion to Dismiss [Dkt. No. 21] is GRANTED and the Mastejs' complaint is DISMISSED.  The Clerk is hereby directed to close the case.

**SO ORDERED.**

Dated this 5th day of July, 2006, at Bridgeport, Connecticut.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge